\*\*Original filed 9/30/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMY A. LAZO, | ) | No. C 06-2732 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| KEN CLARK, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause as to why the petition should not be granted.

**STATEMENT**

An San Francisco Superior Court jury convicted Petitioner of robbery, which qualified as a "strike" within California's "Three Strikes" law. See Cal. Penal Code §§ 212.5(c); 667(a), (d), (e); 1170.12. On July 16, 2004, Petitioner was sentenced to eleven years in state prison. Petitioner appealed his conviction. The state appellate court affirmed the judgment in 2004. The state supreme court denied a petition for review in 2005. The instant federal habeas petition was filed on April 26, 2006.

Order to Show Cause
P:\pro-se\sj.jf\hc.06\Lazo732osc       1

**DISCUSSION**

A.      Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.      Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) the trial court erred and violated his federal constitutional rights to due process, a fair trial and a jury trial under the Sixth and Fourteenth Amendments by failing to instruct the jury sua sponte on CALJIC Nos. 2.71, 2.71.7; (2) the trial court erred and violated his federal constitutional rights to due process, a fair trial and a jury trial under the Sixth and Fourteenth Amendments by failing to instruct the jury on battery as a lesser included offense of robbery; (3) the trial court erred and violated his federal constitutional right to due process under the Fourteenth Amendment by erroneously instructing the jury that assault was a lesser included offense of grand theft; (4) the prosecutor committed misconduct in closing argument and violated his federal constitutional rights to due process and a fair trial under the Fourteenth Amendment by impugning defense counsel's integrity and arguing that defense counsel had manufactured the defense; and (5) defense counsel provided ineffective assistance of counsel in violation of his federal constitutional rights under the Sixth Amendment by making illusory promises in the opening statement to the jury. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

\\\

# CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9/30/06

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\pro-se\sj.jf\hc.06\Lazo732osc        3

1 | A copy of this order was mailed to the following:

3 | Jimmy A. Lazo
V-42440
4 | CSATF - Corcoran
P.O. Box 5242
5 | Corcoran, CA  93212

6 | California State Attorney General's Office
455 Golden Gate Avenue
7 | Suite 11000
San Francisco, CA  94102-7004

Order to Show Cause
P:\pro-se\sj.jf\hc.06 \Lazo732osc            4