NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY A. LAZO,  <br>　　　　Petitioner,  <br>　vs.  <br>KEN CLARK, Warden,  <br>　　　　Respondent. | No. C 06-02732 JF (PR)  <br><br>ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY |

On April 8, 2008, the Court denied this pro se petition for writ of habeas corpus on the merits and entered judgment in favor of Respondent. On May 8, 2008, Petitioner signed his notice of appeal, which was filed with the Court on May 29, 2008. The Court construes Petitioner's notice of appeal as a request for a certificate of appealability. Petitioner is not required to make a formal request for a certificate of appealability; the timely notice of an appeal or other similar filing can be construed as a request for a certificate of appealability. See Fed. R. App. P. 22(b).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must

1  indicate which issues satisfy this standard.  See id. § 2253(c)(3).

2  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983).  See Slack, 120 S. Ct. at 1603.  In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further."  463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original).  Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor.  Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant habeas petition after careful consideration of the merits.  The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings.  Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling.  Petitioner's request for a certificate of appealability is therefore DENIED.

The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals.  Petitioner may then ask the Court of Appeals to issue the certificate.  See Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED: ___8/8/08_____

_____
JEREMY FOGEL
United States District Judge